UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-P865-JHM

**CORKY ALEXANDER**                                                                                          **PLAINTIFF**

v.

**D.O.C. OFFENDER RECORD** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Corky Alexander filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss the action.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate currently incarcerated at the Hardin County Detention Center (HCDC). He sues the following Defendants: "D.O.C. Offender Record," which he identifies as "Supervisor" at "Offender Record"; Danny Allen, the Jailer of HCDC; HCDC Class D Program; and "T" whom Plaintiff identifies as the Class D Director at HCDC. In the body of the complaint, he identifies the Class D Director as "T. Bailey." The Court therefore construes "T." and "T. Bailey" as the same person and will refer to him herein as "Defendant Bailey."

In a paragraph with the heading "Danny Allen," Plaintiff states, "I have sent inmate request to him over and over. The month of July I request medical help and let to this date, I have not receive any help yet."

In a second paragraph, Plaintiff states, "Since the month of July I have request to speak with the Class 'D' director T. Bailey. I have been refuse over and over for 5 months."

Plaintiff also states, in a paragraph with the heading, "D.O.C. Offender Record," that he has been asking for his time to be audited since July 2014. He states that in July 2014 he sent two time calculation forms and wrote six letters but he has not received a response. He states, "My time is been up over 800 days, I should have bee release."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "release from illegal detention."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M*

2

*& G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

*Claims against Defendant Allen*

Plaintiff states that he has sent requests for medical help over and over to Defendant Allen but has received no help. "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious

medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 837-47 (1994)). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. at 835-36.

Plaintiff states that Defendant Allen failed to respond to his requests for medical help, but he does not state why he requested medical help or state any medical issue which required medical attention. He therefore cannot establish the objective component of a deliberate-indifference claim, *i.e.*, a sufficiently serious medical need. Consequently, the claim against Defendant Allen fails to state a claim and must be dismissed.

*Claims against Defendants Class D Director and HCDC Class D Program*

Plaintiff also claims that he requested to speak with Defendant Bailey and he was refused "over and over for 5 months." However, Plaintiff does not state what purpose he had in requesting to speak to Defendant Bailey or any harm he allegedly suffered from actions or inaction by Defendant Bailey. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff

4

must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted)). A claim under § 1983 must allege that specific conduct by the defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986).

Plaintiff alleges that Defendant Bailey refused to speak to him. Merely refusing to talk to an inmate does not give rise to a right to relief. Plaintiff's allegations do not state any facts showing his entitlement to relief. Nor does he state any constitutional injury in connection with this claim. Therefore, the claim against Defendant Bailey will be dismissed for failure to state a claim.

Plaintiff also lists HCDC Class D Program as a Defendant in the caption of the complaint, but he does not state any allegations concerning this Defendant. Once again, to state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. at 375-76. To the extent Plaintiff seeks to sue this Defendant because of its supervisory rule over Defendant Bailey, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Because Plaintiff fails to state any

allegations against HCDC Class D Program, this claim will be dismissed for failure to state a claim.

*Claims concerning calculation of Plaintiff's sentence*

The remainder of the complaint concerns the calculation of Plaintiff's sentence. Plaintiff maintains that his sentence should be recalculated because his time has been up for over 800 days. He requests to be released. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (rejecting prisoners' § 1983 claims challenging the deprivation of their good-time credits). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff's sole remedy for his claims challenging the duration of his sentence is a writ of habeas corpus. The Court notes that Plaintiff filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court shortly after he filed this complaint raising the same claims concerning his sentence, and that action is pending. *See Alexander v. D.O.C. et al.*, Civil Action No. 3:14CV-P920-JGH.

Therefore, Plaintiff's § 1983 claims challenging the duration of his sentence will be dismissed for failure to state a claim.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:   April 20, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.010